CADIERNO HNOS., S. EN C., DEMANDANTES Y APELANTES, *v.* SUÁREZ & CA., S. EN C., ET AL., DEMANDADOS Y APELADOS.

## APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 966.—Resuelto en noviembre 4, 1913.

CUASI CONTRATO—GESTIÓN DE NEGOCIOS AJENOS—DEUDAS CONTRAÍDAS Y CONTINUACIÓN DE UNA SOCIEDAD POR UN EMPLEADO INTERESADO DESPUÉS DEL FALLECIMIENTO DE LOS SOCIOS.—Cuando, como en el caso de autos, fallecidos los socios que constituyen una sociedad, un empleado interesado continúa haciendo negocios a nombre de la misma sin liquidarla y sin intervención de los herederos de los socios premuertos, ni ratificación de sus actos por los mismos, tales gestiones de dicho empleado no constituyen un *cuasi contrato* de gestión de negocios ajenos, ni hace responsables a dichos herederos de las deudas contraídas por tal empleado a nombre de la sociedad, máxime cuando, como en este caso, no se prueba que recibieran beneficio alguno, ni que el activo de la sociedad existente al fallecimiento de los socios fuera insuficiente para pagar las deudas entonces, las que en efecto fueron pagadas por dicho empleado, quien obtuvo nuevos créditos y contrajo nuevas deudas.

ID.—RATIFICACIÓN DE LA GESTIÓN DE NEGOCIOS AJENOS.—El dejar los herederos de los socios premuertos de la sociedad demandada de intervenir y pedir una liquidación de la sociedad, no constituye una ratificación de la continuación de los negocios por un empleado interesado después del fallecimiento de todos los socios, como tampoco lo es la intervención de un heredero de dichos socios que sólo actúa como empleado del que continúa los negocios de dicha sociedad.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan de Guzmán Benítez.*

Abogados de los apelados: *Sres. H. H. Scoville y Enrique Rincón.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

En el año 1898 se constituyó en Loíza la sociedad mercantil de Suárez y Ca., por un término de cuatro años que venció en 25 de agosto de 1902, siendo Manuel Suárez Castrillón socio comanditario, Marcelino Suárez González socio gestor, y José Suárez González, dependiente interesado en las negociaciones de la sociedad.

Expirado el término fijado en el contrato social, los negocios continuaron en la forma acostumbrada sin que se hiciera ninguna liquidación entre los socios durante unos dos años más, falleciendo luego en 3 de agosto de 1904, Manuel Suárez Castrillón, socio comanditario. Después de la muerte del socio comanditario siguió el negocio en igual forma que antes Marcelino González, quien a su vez murió en 12 de septiembre de 1905.

De esa fecha en adelante el empleado José Suárez González continuó con los negocios de igual modo que se llevaban hasta entonces. En 10 de febrero de 1909 falleció éste, ocupándose los bienes de la sociedad por virtud de las reclamaciones presentadas en este pleito.

Los demandantes en esta acción son dueños por su propio derecho de un pequeño crédito y a su vez cesionarios de algunos créditos más ascendentes en su totalidad a unos $6,000.

Los apelados son los herederos o forman la sucesión de Manuel Suárez Castrillón y de Marcelino Suárez que fueron los primitivos socios. Alegaron ellos en su contestación, que como todas las obligaciones que originan las reclamaciones de los demandantes habían sido contraídas por el susodicho José Suárez González, o sea el empleado interesado en la sociedad mercantil, dichos herederos no tenían responsabilidad alguna. También fueron hecho partes en el pleito los herederos del dependiente José Suárez González. La corte dictó sentencia contra estos últimos y absolvió a los herederos o personas que componían las sucesiones de los primitivos

socios.   Contra esta última parte de la sentencia han inter-
puesto los demandantes recurso de apelación.

A la muerte del socio comanditario Suárez Castrillón se
debía a los acreedores la suma de $1,640.   Cuando murió el
socio gestor Marcelino Suárez González, la deuda con los dife-
rentes acreedores alcanzaba a unos $2,803.86;  pero al falleci-
miento de José Suárez González la cantidad que se adeudaba
a los mismos era de $6,897.   Todas las cuentas de los distin-
tos acreedores muestran continuos créditos y obligaciones
de pago y algunas de éstas hasta balances efectuados después
de la muerte del socio gestor en el año 1905.

La suma total de las cantidades abonadas en cuenta a cada
acreedor era más que suficiente mucho antes de la muerte del
empleado José Suárez González, para saldar las deudas pen-
dientes de pago al morir el socio gestor.   La corte inferior
resolvió que todas las deudas fueron contraídas después del
fallecimiento del socio gestor y que por tanto José Suárez
González era el único responsable de ellas.   No se probó que se
hubiera hecho ninguna liquidación o que los herederos de cual-
quiera de los primitivos socios recibiera el menor beneficio por
la continuación de las operaciones por parte de José Suárez
González, ni siquiera que los actos ejecutados por este último
fueran ratificados por los herederos de los socios en el sentido
en que puede entenderse una ratificación de acuerdo con la ley.

Debemos observar ahora que aunque Manuel Suárez Gon-
zález era heredero de uno de los socios, el mero hecho de
que fué empleado de José Suárez González no demuestra
un acto de ratificación o de intervención por parte de los here-
deros de los socios en los asuntos relativos al negocio que reali-
zaba José Suárez González después del año 1905.   Existe
prueba de que él no fué sino un empleado de José Suárez
González.   Tampoco puede considerarse como una ratificación
el hecho de que no intervinieran los herederos ni trataran
de practicar una liquidación de los bienes.

Si interpretamos debidamente las alegaciones de los ape-

lantes, veremos que se fundan en el cuasi contrato a que se refiere el artículo 1788 del Código Civil, el cual es como sigue:

"Artículo 1788.—Son cuasi contratos los hechos lícitos y puramente voluntarios de los cuales resulta obligado su autor para con un tercero y a veces una obligación recíproca entre los interesados.'"

Pero sin ratificación o intervención por parte de los herederos de los socios, la única persona que intervino en los asuntos de los otros fué José Suárez González.

Entendemos que la alegación principal de los apelantes es que las cuentas de la primitiva sociedad de Suárez y Cía. nunca se liquidaron y no quedaron interrumpidas en cuanto a los acreedores y terceras personas. En otras palabras, que dichas cuentas fueron originadas por la sociedad, continuadas por ella después de su disolución legal y seguidas sin interrupción por José Suárez González. Resaltan, sin embargo, los hechos de que las referidas cuentas tal como se encontraban a la muerte de cualquiera de los socios quedaron más que satisfechas por las cantidades pagadas por José Suárez González después de 1905, y de que los mencionados pagos fueron consentidos por los acreedores quienes extendieron mayores créditos. Los demás créditos se hicieron a José Suárez González que giraba bajo la razón social de Suárez y Cía., y no a los socios fallecidos ni a sus herederos. Los contratos por mercaderías vendidas y entregadas se efectuaron con una persona en vida. Pudiera ser que los acreedores que tenían créditos contra José Suárez González podían ser subrogados en los créditos que hubiera tenido éste contra los socios fallecidos o sus herederos. Pero no se ha tratado de probar en este caso que el activo de la sociedad no excedía al pasivo a la fecha de la muerte del socio gestor. No hay nada que muestre que cualquier déficit que existiera no fué originado por los actos del propio José Suárez González.

La sentencia debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.